AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) |
|---|---|
| *Plaintiff(s)* | ) ) ) ) ) |
| v. | ) Civil Action No. |
| | ) ) ) ) ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
ROYAL CARRIBEAN CRUISES LTD.

**DEFENDANTS**
STEVE CHRISTIE

**(b)** County of Residence of First Listed Plaintiff  Miami-Dade County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Hickman County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jerry Hamilton, Esq. (305)379-3686, Hamilton, Miller & Birthisel LLP
150 SE 2 Avenue, Suite #1200, Miami, FL 33131

Attorneys *(If Known)*
Tonya J. Meister-Griffith, Esq., Meister Law
44 West Flagler Street, Suite 750, Miami, FL 33130

**(d)** Check County Where Action Arose:  ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** *(See instructions):*
a) Re-filed Case  ☐ YES  ☒ NO    b) Related Cases  ☐ YES  ☒ NO
JUDGE _____  DOCKET NUMBER _____

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §2201 - Declaratory Relief regarding Plaintiff's obligation to pay Maintenance & Cure
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE  October 22, 2013
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  IFP _____  JUDGE _____  MAG JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.

ROYAL CARRIBEAN CRUISES LTD.,

    Plaintiff,

vs.

STEVE CHRISTIE,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

    Plaintiff, ROYAL CARIBBEAN CRUISES LTD., (hereinafter "RCL"), by and through its undersigned counsel and pursuant to the provisions of 28 U.S.C. §2201 et. seq., and Rule 57 of the Federal Rules of Civil Procedure, and sues the Defendant, STEVE CHRISTIE ("Defendant") and alleges as follows:

    1.    This is a claim for a declaratory decree premised on the issue of whether Defendant is entitled to the receipt of maintenance and cure benefits, for an alleged vocal cord injury which occurred in June 2013, even though he is merely receiving palliative care, and not any curative treatment.

    2.    As set forth in more detail below, there is an actual case and controversy between the RCL and Defendant regarding his entitlement to continued maintenance and cure, and RCL will suffer immediate harm unless the requested declaratory decree is rendered.

3. This case is appropriate for resolution by declaratory decree since it involves an interpretation of the parties rights and liabilities under federal maritime law.

## JURISDICTION AND VENUE

4. This claim is within the Court's original admiralty and maritime jurisdiction as set forth in 28 U.S.C. §1333.

5. The Complaint herein is designated as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

6. Venue is proper pursuant 28 U.S.C. §1391, and Defendant's employment contract ("Artist Engagement Agreement") which provides that legal claims shall be litigated in the United States Southern District Court for the Southern District of Florida. The Artist Engagement Agreement is attached hereto as **Exhibit "A."**

7. This Court has personal jurisdiction over the Defendant as his claim for maintenance and cure allegedly arises out of his employment as a seaman with RCL who conducts business in Florida, and as set forth in Section XVI of his Artist Engagement Agreement.

8. RCL seeks declaratory relief pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure to determine its rights and liabilities arising from RCL's obligations to provide maintenance and cure, if any.

9. This case is appropriate for resolution by declaratory decree since it involves an interpretation of the parties' rights and liabilities under federal maritime law.

## PARTIES

10. RCL is a Liberian corporation, with its principal place of business in Miami, Dade County, Florida and is registered to do business in the State of Florida.

11. Defendant is believed to be a resident of Bon Aqua, Tennessee.

12. Defendant's was employed by RCL as a Pub Guitar Entertainer for various time periods up to June 5, 2013.

## GENERAL ALLEGATIONS

13. Defendant, through his counsel, has asserted claims against RCL for maintenance and cure under the general maritime law.

14. Defendant has further claimed that the delays in providing maintenance and cure are causing unnecessary hardship, suffering and prolonging his recovery.

15. As set forth in more detail below, RCL asserts it has complied with all its maintenance and cure obligations, as Defendant is not receiving any curative treatment in conjunction with his alleged injuries.

16. RCL has been making maintenance and cure payments in the amount of $25.00 per day, in addition to paying various sums for sure, since July 2013.

17. RCL asserts it owes no further maintenance and cure to Defendant.

HAMILTON, MILLER & BIRTHISEL LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

18. An actual justiciable controversy between the parties now exists in which RCL is entitled to have a declaration of its rights and for further relief as the Court deems just.

19. RCL is in doubt as to its rights based on the fact that Defendant's medical records indicate that the treatment he is receiving is not curative in nature.

20. RCL has and will continue to suffer immediate harm unless the requested declaratory decree is rendered.

## **FACTS**

21. Defendant claims he was a seaman who worked for RCL aboard Voyager of the Seas, as an entertainer, at various times up through June 5, 2013.

22. Defendant purportedly routinely utilizes a C-Pap machine for sleep apnea. The C-Pap machine requires the use of distilled water for its functioning.

23. Defendant claims that on or about May 25, 2013, he obtained what he believed to be distilled water from another RCL employee for use in his C-Pap machine.

24. Defendant further claims that the liquid received and allegedly used, with his C-Pap Machine was not distilled water.

25. Defendant further claims that he became ill due to inhaling the mist through his C-Pap machine.

26. Approximately ten (10) days after Defendant inhaled the mist he reported symptoms of a sore throat, voice changes, intermittent headaches, and shortness of breath.

27. Subsequently, on June 5, 2013, Defendant signed off the Voyager of the Seas and returned to Tennessee.

28. Upon receiving notice of Defendant's alleged injuries, RCL promptly initiated maintenance and cure benefits for Defendant.

29. RCL has paid Defendant $2,575.00 ($25.00 per day) in maintenance/sick pay since July 2013. See Crew Maintenance and Cure Report attached as **Exhibit "B.'**

30. RCL has also provided Defendant with prompt, proper and adequate medical treatment for his injuries.

31. Since the alleged incident, Defendant has allegedly been seen by a primary physician, an Otolaryngology (Ear, Nose, and Throat) specialist, and an ophthalmologist of his choosing.

32. RCL has paid approximately $1,301.10 in medical bills on behalf of Defendant. The last payment made by RCL was on October 8, 2013 See **Exhibit "B.'**

33. RCL demanded all Defendant's medical records in order to investigate its obligations to pay maintenance and cure, while in an abundance of caution, continuing to make maintenance and cure payments since Defendant disembarked from the vessel.

34. RCL received Defendant's medical records and had them reviewed and analyzed by Dr. Brian M. Bourgeois.

35. After reviewing Defendant's medical records, Dr. Bourgeois opined that Defendant was found to have mild and superficial vocal cord changes; edema which did not produce any clinical findings during routine activities. Further, Dr. Bourgeois noted that Defendant was not treated with any specific medical regimen in conjunction with his alleged injuries, underwent voice therapy, and was ultimately discharged in June 2013 from the care of his primary physician. See Medical Report by Dr. Brian Bourgeois attached as **Exhibit "C."**

36. Dr. Bourgeois also noted that Defendant's doctors discharged him from any treatments, and merely recommended that Defendant increase his water intake, and continue using his proton pump inhibitor. No further treatment was recommended, and no specific therapy is being administered to address the vocal cord edema. See **Exhibit "C."**

37. Defendant's medical records further reveal that he has a long history of vocal cord issues attributed to gastro esophageal reflux disease ("GERD"), which is a common causative factor in vocal cord edema and associated symptoms. See **Exhibit "C."**

38. Moreover, the use of antacid medications for GERD, which Defendant has, does not prevent actual reflux but serves only to remove the acid component and its associated symptoms. See **Exhibit "C."**

39. Dr. Bourgeois concluded that Defendant is not presently receiving any curative treatment to his vocal cords. See **Exhibit "C."**

## COUNT I
## DECLARATORY RELIEF RE: OBLIGATION TO PROVIDE MAINTENANCE AND CURE

40. RCL adopts and reasserts herein the allegations contained in paragraphs 1 through 36, inclusive, as though fully set forth herein.

41. Maintenance and Cure claims are properly the subject of declaratory relief actions. *See generally Belcher Towing Co. v. Howard,* 638 F. Supp. 242 (S.D.Fla. 1986).

42. Under the law, RCL is only responsible to pay for curative care.

43. The seaman has the burden of proving his right to maintenance and cure benefits. *Hall v. Noble (U.S.) Drilling,* 242 F.3d 582, 590 (5th Cir.2001); *Lipari v. Maritime Overseas Corp.,* 493 F.2d 207, 211-12, 1974 AMC 214 (3rd Cir. 1974); *Prendis v. Central Gulf Steamship Co.,* 330 F.2d 893, 896 (4th Cir. 1963).

44. Defendant has failed to provide any medical records or documents which demonstrate his entitlement to maintenance and cure, as he has failed to provide any medical records which establish he is receiving or in need of specific curative treatment for any illness.

45. In keeping with the employer's obligation to provide its seamen with maintenance and cure, is the fact an employer has the right to investigate such claims. *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 999 (1962), *reh'g denied,* 370 U.S. 965, 82 S.Ct. 1978 (1962); *Morales v. Garijak, Inc.,* 829 F.2d 1355, 1360-61 (5th Cir. 1987); *Harrell v. Air Logistics, Inc.,* 805 F.2d 1173, 1175 (5th Cir. 1986); *Holmes v. J. Ray McDermott & Co., Inc.,* 734 F.2d 1110, 1117-18 (5th Cir. 1984);

*GOL Supply Boats, L.L.C. v. Castro,* 2008 U.S. Dist. LEXIS 100070, *5, 2009 AMC 182, 184 (E.D.La. 2008); *Harper v. Zapata Off-Shore Co.,* 563 F.Supp. 576, 581 (E.D.La. 1983).

46. RCL has gone above and beyond to comply with the investigation obligations imposed on it by the law by requesting that Defendant provide all medical reports and records which establish he requires or is obtaining curative treatment. S*ee* Correspondence attached hereto as **Exhibit "D."**

47. RCL is not obligated to continue providing Defendant with maintenance and cure for the continued treatment of his purported medical condition as Defendant is not presently receiving any curative treatment.

48. It is well settled under maritime law that a seaman is not entitled to maintenance and cure for the remainder of his life as the doctrine was never intended to provide a life time pension.

49. Once a condition is diagnosed, which by its nature is permanent or incurable, maritime law provides that maximum medical improvement is deemed to have occurred, even if the seaman has a continued need for permanent help in dealing with this condition or to relieve pain or other symptoms. *See e.g. Farrell v. United States*, 336 U.S. 511 (1949); *Whitman v. Miles*, 387 F.3d 68 (1st Cir. 2004); *Pelotto v. Allan & Towing Co.*, 604 F.2d 396 (5th Cir .1979); *Maruaga v. United States*, 172 F.2d 318 (2d Cir. 1949).

50. Treatment that is meant to slow or arrest a progressive disease even if fatal, or directed at relieving or reversing only symptoms of the disease, is defined

under maritime law as palliative and does not fall within the scope of maintenance and cure. *See, e.g., Whitman,* 387 F.3d at 72-73; *Tern Shipholding Corp. v. Rockhill,* 2006 WL 1788507 at *6 (N.D. Fla. 2006); *Cox v. Dravo Corp.,* 517 F.2d 620, 627 (3d Cir. 1975); *Pelotto v. Allan Towing Co.,* 604 F.2d 396, 400 (5th Cir. 1979); *Stuart v. Waterman Steamship Corp.,* 288 F. Supp. 629, 634-35 (E.D. La. 1968), *aff'd,* 409 F.2d 1045 (5th Cir. 1969); *Berke v. Lehigh Marina Disposal Corp.,* 435 F.2d 1073, 1076 (2d Cir. 1970).

51. Accordingly, RCL believes it is only obligated to provide Defendant with curative treatment under the doctrine of maintenance and cure and not medical treatment or medicine for his pre-existing medical conditions, which would only relieve symptoms or prevent his alleged condition from deteriorating, which is by definition palliative care.

52. It is clear that Defendant is not getting curative treatment.

53. RCL is in serious doubt about the parties' rights and whether maintenance and cure is owed.

54. As a result, RCL is entitled to a declaratory decree indicating that it has fulfilled any and all its maintenance and cure obligations it may have owed to Defendant and that it has no further obligations to continue providing Defendant with maintenance and cure benefits.

**WHEREFORE**, the Plaintiff, ROYAL CARIBBEAN CRUISES LTD., demands judgment against the Defendant, Steve Christie, and respectfully requests that this Court enter an order determining that ROYAL CARIBBEAN CRUISES

LTD., is not obligated to pay for the care Defendant thus far, and for any palliative which has be ordered or recommend by his doctors, and further awarding all costs and other relief as this Court deems just and appropriate.

        Respectfully submitted,

        /s/ Jerry D. Hamilton
        Jerry D. Hamilton, Esq., FBN 970700
        Schuyler A. Smith, Esq., FBN 70710
        HAMILTON, MILLER & BIRTHISEL, LLP.
        150 Southeast Second Avenue, Suite 1200
        Miami, Florida 33131-2332
        Telephone 305-379-3686
        Facsimile 305-379-3690
        jhamilton@hamiltonmillerlaw.com
        ssmith@hamiltonmillerlaw.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on October 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Jerry D. Hamilton
Jerry D. Hamilton

## SERVICE LIST

Tonya J. Meister-Griffith, Esq.
Meister Law
44 West Flagler Street
Suite 750
Miami, FL 33130
tonya@meisterlawfirm.com
*Attorneys for Defendant*

HAMILTON, MILLER & BIRTHISEL LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690